UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BRIAN PRATER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:21-cv-00066-RLY-MJD |
| ) | |
| ALLIANCE COAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel. [Dkt. 250.] The motion is fully briefed, and the Court held a hearing on the motion on February 9, 2024. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.  Background**

Plaintiffs allege that Defendants have violated federal and state laws by requiring their coal miners to work off-the-clock hours and failing to pay proper overtime compensation at twelve mines throughout Illinois, Indiana, Kentucky, and West Virginia. In April 2022, the parties began the process of written discovery and production of ESI.  At issue in the instant motion is Plaintiffs' second set of document requests, which they served in October 2023. Defendants served their responses on November 22, 2023, and on December 8, 2023, the parties met and conferred to discuss those responses.  On December 13, 2023, and January 10, 2024, the parties appeared before the Court for discovery conferences to attempt to resolve the issues relating to the document requests. The parties are still in disagreement on three issues, which are discussed, in turn, below.

## II. Discussion

### A. ESI from David Ross and Mark Watson (RFP 6)

The first issue is Plaintiffs' request that Defendants produce ESI from two new custodians: David Ross and Mark Watson.[1] The parties originally agreed upon search terms on July 1, 2023, which provided an initial list of 44 agreed-upon search terms and ten custodians. Plaintiffs assert that the selection of custodians at the time was based on the "information as currently understood," meaning that Plaintiffs intended to continue to evaluate the need for additional custodians to be added. Plaintiffs now argue that the addition of the two custodians is warranted because new information has been revealed through discovery that was not available to the parties at the time that the agreement was made. Plaintiffs allege that the two new custodians are critical witnesses that likely have documents relevant to their claims.

Defendants, in response, argue that any information that the two additional custodians might have would be irrelevant and duplicative, and searching for that information would be unduly burdensome in light of the parties' already-negotiated ESI agreement. However, Defendants have failed to satisfy their burden of demonstrating what the actual costs associated with the requests' discovery would be, and therefore, its undue burden objection is overruled. *See Heraeus Kulzer, GmbH, v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011) ("A specific showing of burden is commonly required by district judges faced with objections to the scope of discovery."); *Hum. Rts. Def. Ctr. v. Jeffreys*, 2022 WL 4386666, at *3 (N.D. Ill. Sept. 22, 2022) (rejecting undue burden and proportionality objection because "Defendants do not offer any specifics or even an estimate of the burden involved in producing" the discovery at issue) (citing

---

[1] Plaintiffs confirmed that they withdraw their request for ESI with regard to custodian Rose Thompson.

Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2015 Amendment (explaining that the 2015 amendment regarding proportionality was not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"); *Jenkins v. White Castle Mgmt. Co.,* 2014 WL 3809763 at *2 (N.D. Ill. Aug. 4, 2014) ("What is required is affirmative proof [of undue burden] in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman,* 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.").

Defendants further argue that Plaintiffs have not met their burden in showing that either ESI custodian has relevant or discoverable information. The Court disagrees. Plaintiffs have clearly demonstrated that the two new custodians were involved in Alliance's wage and bonus decisions, and likely possess relevant ESI pertaining to Plaintiffs' wage claims, as well as Defendants' liability as a joint employer. [Dkt. 251 at 5.]

Defendants also argue that Plaintiffs are attempting to "unilaterally amend the agreement reached among the parties" by adding two new custodians. It is nonsensical for Defendants to suggest that an agreement regarding original search terms and custodians automatically precludes additional discovery requests. *Cf. Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2022 WL 3139391 at *3 (S.D. Ind. Aug. 5, 2022) ("Part of that cooperation includes agreeing to search additional keywords when the need to do so becomes apparent—when, for example, it is learned that Dery is sometimes referred to as 'Mr. X' in relevant documents. Part of that cooperation also includes agreeing to search for and produce certain relevant and responsive documents that, for whatever reason, would not be revealed by keyword searches.").

Accordingly, with regard to the request for ESI from David Ross and Mark Watson, the motion is **GRANTED.** Defendants are ordered to conduct discovery on these two custodians using the agreed upon search terms, and to provide Plaintiffs with the non-privileged, relevant responsive ESI as requested.

B. **Employee Handbooks and Work Rules, Employment Policies, and Safety Requirements Issued Since January 1, 2005 (RFPs 7, 8)**

Plaintiffs next request employee handbooks (RFP 7) as well as work rules, employment policies, and safety requirements (RFP 8) issued since January 1, 2005. Plaintiffs argue that they are entitled to the documents issued since 2005 because two named plaintiffs testified during their depositions that they received handbooks that included a written requirement for miners to arrive early to their shifts. One of these Plaintiffs received a handbook in 2006 but did not receive any others throughout his employment. One named Plaintiff and one opt-in Plaintiff testified that they got handbooks during 2001 and 2005 that included written requirement for miners to arrive prior to their shift time. Plaintiffs want to know whether Plaintiffs, and those situated similarly, were in receipt of written policies instructing them to report to work early. Defendants argue that this time frame is outside of the statute of limitations, the handbooks are irrelevant, and the request is disproportionate. In addition, Defendants argue that this request is overbroad.

The parties disagree on what the statutory period of this case is. Defendants argue that it is April 2018, and Plaintiffs argue that it is April 2015. Regardless of when the statutory period is, the Court finds that Plaintiffs have made a satisfactory showing of relevance as to the handbooks, work rules, employment policies, and safety requirements dating back to January 1, 2005. See *Beesley v. Int'l Paper Co.,* No. CIV. 06-703-DRH, 2008 WL 207537 (S.D. Ill. Jan. 24, 2008) ("(T)he statute of limitations does not necessarily provide a cut-off date for discovery. The

scope of discovery is defined by relevance. Information need not be admissible to be relevant. Fed.R.Civ.P. 26(b)(1). While there are proper boundaries to discovery, discovery as to events outside the statute of limitations is appropriate where the information is 'otherwise relevant to issues in the case.' *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351–352 (1978).").

However, the Court does agree that the request is overbroad. Accordingly, the motion with regard to request for production nos. 7 and 8 is **GRANTED IN PART.** Defendants shall produce the documents requested by Plaintiffs, but may limit their production to the handbooks, work rules, employment policies, and safety requirements that are related to "being dressed and ready to work prior to the start of shift."   With regard to any information sought by request for production nos. 7 and 8 that is beyond that limited scope, the motion is **DENIED**.

### C. All Phone Directories Since January 1, 2015 (RFP 14)

Plaintiffs' final request is for phone directories of Alliance Coal created since January 1, 2015. Defendant again argues that this request is overly broad and seeks to impose unreasonable cost and burden upon the Defendants. As discussed, Defendant has made no showing of such burden, so this objection is overruled. *See Heraeus Kulzer, GmbH,* 633 F.3d at 598 (7th Cir. 2011).

Plaintiff relies on *Ross v. Jack Rabbit Services, LLC,* to demonstrate how the phone directories are relevant to the issues at hand. In that case, the court found that organizational charts that demonstrated a chain of command and the relationships between defendants and personnel were relevant to joint employer liability. *Ross v. Jack Rabbit Services, LLC,* No. 3:14-cv-44-DJH, 2015 WL 13547855 (W.D. Ky. Oct. 21, 2015). Defendants argue that the phone directories requested by Plaintiffs are not organizational charts and therefore are not relevant. The Court disagrees.

Plaintiffs have requested organizational charts from Defendants since October 2022. [Dkt. 128-1 at 43.] Defendants have produced some organizational charts but have refused to search for and provide to Plaintiffs the rest of the organizational charts. This has left Plaintiff no other option but to request additional discovery to obtain the information they seek. In addition, Plaintiffs have demonstrated that Defendants' phone directories provide more than just telephone numbers, such as information as to the identities of officers and management of Alliance Coal, related companies, and the local mining operations. [*See* Dkt. 251-8.] This information bears directly on Defendants' chain of command and the relationship among and between Alliance Coal and its mine locations, as well as how management positions may have changed over time. The Court finds that the Plaintiff has demonstrated that this information is relevant, and that the phone directories in this particular instance provide the same type of relevant information as organizational charts.

Accordingly, with regard to the request for Alliance's phone directories, the motion is **GRANTED.** Defendants are ordered provide Plaintiffs with the requested discovery.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Compel [Dkt. 250] is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall serve the discovery responses ordered herein **within 21 days of the date of this Order**.

SO ORDERED.

Dated: 5 MAR 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.